NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2447
_____

JODIE LYNN DAVIS,
Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 2-19-cv-00575
District Judge:  The Honorable Donetta W. Ambrose

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 19, 2021

Before: SMITH, *Chief Judge*, HARDIMAN, and ROTH, *Circuit Judges*

(Filed March 29, 2021)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Chief Judge*.

Jodie Lynn Davis appeals from an order of the District Court affirming the Commissioner of Social Security's final decision denying her application for supplemental security income (SSI) under Title XVI of the Social Security Act. *See* 42 U.S.C. §§ 1381-1383. For the reasons set forth below, we will affirm the judgment of the District Court.

Davis filed an application for SSI in 2013, alleging disability beginning in 2010 due to several mental impairments and asthma. An administrative law judge (ALJ) denied her application and the Appeals Council rejected her request for review. Davis appealed to the District Court, challenging the ALJ's determination that her borderline intellectual functioning, though a severe impairment, did not satisfy the criteria for mental retardation set out in Listing § 12.05. *See* 20 C.F.R. § 416.920(a)(4)(iii) and (d); 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05. The District Court agreed with Davis and remanded her case for further consideration of whether Davis met or equaled the criteria of Listing § 12.05.

On remand, the same ALJ held another hearing. Although a vocational expert (VE) had been called to provide additional testimony regarding Davis's ability to perform other work in the national economy based on her residual functional capacity (RFC), the VE did not testify as the ALJ awaited the submission of additional medical evidence. When Davis's counsel failed to supplement the record, the ALJ rendered her decision. The ALJ concluded again that Davis had several severe impairments, including borderline intellectual functioning. But the evidence of record, the ALJ found, failed to

2

meet or equal the criteria necessary to establish Listing § 12.05, which would have entitled Davis to an award of SSI benefits. *See* 20 C.F.R. § 416.920(d). Proceeding to the next step in deciding Davis's SSI application, the ALJ again found that Davis had the RFC to perform medium work subject to the same, numerous non-exertional limitations. In doing so, the ALJ found that, in addition to the earlier limitations, Davis was also limited to work involving just one-to-two step tasks. Despite Davis's multiple limitations, the ALJ found, based on the testimony by the VE in the earlier ALJ hearing, which had specifically included the limitation of one-to-two step tasks, that Davis could perform other work in the national economy, such as kitchen helper, packer, and sorter. Accordingly, the ALJ concluded Davis was not disabled for purposes of SSI and denied her application. Although Davis filed exceptions with the Appeals Council, that body did not set aside the ALJ's decision.

Davis sought judicial review in the District Court, but without success. She then moved for reconsideration, raising for the first time an Appointments Clause challenge based on *Lucia v. Securities and Exchange Commission*, 138 S. Ct. 2044 (2018), and *Cirko v. Commissioner of Social Security*, 948 F.3d 148 (3d Cir. 2020).[1] Although there were factors weighing in favor of granting reconsideration, the District Court determined that Davis's challenge was untimely and denied the motion. This appeal followed.

---

[1] *Lucia* determined that the ALJs of the SEC had not been appointed in compliance with Article II of the Constitution, thereby entitling Lucia to a new hearing before another ALJ who had been properly appointed. 138 S. Ct. at 2055. Thereafter, our Court in *Cirko* considered an Appointments Clause challenge in the Social Security context. We held that such a challenge did not need to be exhausted at the administrative level, but could be raised for the first time in the federal court. 948 F.3d at 152, 159.

Davis raises eight issues that take aim generally at whether: the ALJ complied with the remand instructions following the first appeal; the ALJ erred by relying upon the VE's testimony from the first hearing and deprived Davis of her right to due process; and the District Court erred by denying her motion for reconsideration to address the Appointments Clause challenge.[2]

Davis contends that the ALJ failed to comply with the District Court's initial remand order as required by the Social Security Administration's HALLEX Manual. *See* HALLEX I-2-8-18 at https://www.ssa.gov/OP_Home/hallex/I-02/I-2-8-18.html (1/21/2021). The Commissioner contends this issue is waived. We hold it was forfeited because the issue was not briefed in the District Court. In fact, the word "HALLEX"

---

[2] The District Court had jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). Appellate jurisdiction exists under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).

The Commissioner asserts that jurisdiction over the Appointments Clause challenge is lacking because Davis's Notice of Appeal did not designate the July 9, 2020 order of the District Court for appeal, contrary to Federal Rule of Appellate Procedure 3(c)(1)(B). This argument ignores that the Notice of Appeal appended both the May 14, 2020 and the July 9, 2020 orders and opinions. We conclude that the Notice of Appeal with the attached documents constituted the "'functional equivalent' of a proper notice" designating both orders for appeal inasmuch as the attachments conveyed Davis's intention to appeal the unspecified order. *See Benn v. First Jud. Dist. of Pa.*, 426 F.3d 233, 237 (3d Cir. 2005) (quoting *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316-17 (1988)).

"We exercise plenary review over legal conclusions reached by the Commissioner[,]" and "[w]e review the Commissioner's factual findings for 'substantial evidence[.]'" *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011) (citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

does not appear in Davis's brief in the District Court. *See Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 637 (3d Cir. 2010).[3]

Next, Davis challenges the ALJ's reliance upon the testimony of the VE in the first proceeding. She asserts that, because the RFC findings in the first and second decision are not identical, the ALJ erred by relying on the VE's testimony from the first hearing. She also suggests that her limitations and restrictions were not taken into account. And Davis generally asserts that the ALJ's decision is not based on substantial evidence.

The ALJ made a very detailed RFC finding in the first decision, setting out numerous non-exertional limitations that took into account Davis's mental impairments, including her intellectual functioning restrictions. Although the ALJ's RFC findings in the second decision added that Davis was limited to one-to-two step tasks, we cannot ignore that this limitation was explicitly incorporated into the exhaustive hypotheticals posed to the VE during the first hearing. Because the VE's testimony at the first hearing identified work that accommodated all of the RFC findings in the second decision — including the one-to-two step tasks, we are not persuaded that the ALJ erred on remand

---

[3] Even if the issue had been raised in the District Court, we conclude that it lacks merit. HALLEX I-2-8-18, which Davis relies on, states that when the Appeals Council "remands a case . . . after a court remand, it generally vacates the entire administrative law judge (ALJ) decision, and the ALJ must consider all pertinent issues de novo." *Id.* § A. It also provides that the "ALJ will ensure that the decision specifically addresses issues relating to the court and AC remand directives." *Id.* § B. That is what transpired in this case. The Appeals Council vacated the first final order, and remanded the case for a new hearing and such further action as needed to issue a new decision. The ALJ then issued a new decision after conducting a hearing on remand and addressed each of the five steps of the sequential analysis.

by failing to call a VE to supplement the record. Furthermore, because counsel had an opportunity to cross-examine the VE at the initial proceeding, we reject Davis's contention that she was deprived of due process.

Davis further generally contends that the absence of any testimony by a VE at the second hearing meant that the "ALJ's decision is not based upon substantial evidence." Davis Br. 22. Davis failed to explain to the District Court, other than pressing the point that no VE testified at the second hearing, why she asserted that substantial evidence was lacking for the ALJ's findings that Davis could perform the positions of kitchen helper, packer and sorter. And she did not fully develop this issue in her opening brief before us.[4] Accordingly, we conclude the issue is forfeited. *See Smith*, 631 F.3d at 637; *Laborers' Int'l Union v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court.") (cleaned up); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993) (observing that an appellant's failure to present legal argument in support of an issue results in the abandonment of that issue and the court of appeals need not address it); Fed. R. App. P.

---

[4] We note that the closest Davis comes to explaining her position is that "there is no medium sorter job VE testimony" in the record. Davis Br. 23. There is a disparity between the VE testimony that the sorter position was a light duty job and the ALJ's finding that Davis could perform a medium level sorter position. *Compare* AR72, A75. This disparity does not aid Davis, however, as the occupational code number for the sorter, which was provided by the VE, is consistent with the light duty sorter position, and that number was cited by the ALJ in her second decision. *See* AR72, 78; A75; *Dictionary of Occupational Titles*, § 526.687-010 at https://occupationalinfo.org/52/526687010 (March 22, 2021). For that reason, we conclude there is substantial evidence to support the ALJ's finding that Davis could perform the work of a sorter as identified by the occupational code number.

28(a)(8)(A) (directing that the argument in appellant's opening brief "must contain" "citations to . . . parts of the record on which the appellant relies").

Finally, we address Davis's contention that the District Court abused its discretion in denying her post-judgment motion seeking to assert the Appointments Clause challenge.[5] The District Court explained that *Lucia* emphasized that a "timely challenge" must be made to obtain relief under the Appointments Clause. A29 (quoting *Lucia*, 138 S. Ct. at 2055). Yet Davis never raised the issue until after she received the District Court's unfavorable decision. By that time, this Court had not only issued *Cirko*, but also denied rehearing. *See* 948 F.3d at 148; *Cirko v. Comm'r of Soc. Sec.*, No. 19-1772 (3d Cir. Mar. 26, 2020), ECF No. 77. Furthermore, the District Court recognized that there were considerations weighing both in favor of and against granting the motion, but ultimately decided there was nothing extraordinary or special in the circumstances warranting relief. Given this analysis, and mindful that the District Court understood its authority to grant the motion, we conclude that the District Court did not abuse its discretion in denying Davis's motion for reconsideration.

Accordingly, we will affirm the judgment of the District Court.

---

[5] We review the denial of a motion for reconsideration under Federal Rules of Civil Procedure 59 and 60 for an abuse of discretion. *See Addie v. Kjaer*, 737 F.3d 854, 867 (3d Cir. 2013); *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008).